IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3090-FL

| | | |
|---|---|---|
| WARREN ANTONIO LEE and ALBERT VINES, | ) ) ) | |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | |
| JUSTIN ANDREWS, | ) ) | |
| Defendant. | | |

Plaintiff, a federal inmate, filed this civil rights action pro se pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). His complaint was dismissed pursuant to 28 U.S.C. § 1915(g) on March 13, 2017. The matter now comes before the court on plaintiff's motion for reconsideration (DE 30). The issues raised are ripe for adjudication, and, for the following reasons, the court denies plaintiff's motion.

The Federal Rules of Civil Procedure do not expressly recognize "motions for reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 n. 4 (4th Cir.2011). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. See Fed.R.Civ.P. 59(e); MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 280 (4th Cir.2008); In re Burnley, 988 F.2d 1,2-3 (4th Cir.1992); Bell v. United States, No. CIV.A RDB-11-1086, 2015 WL

433604, at *1 (D. Md. Feb. 2, 2015). Because Plaintiff filed the instant motion within 28 days of the judgment, it shall be analyzed under Rule 59.

Rule 59(e) permits a court to amend or alter a judgment. The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to amend or alter a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to amend or alter its judgment, plaintiff must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

Plaintiff's motion for reconsideration is simply an attempt to re-argue the merits of his dismissed action, which is not sufficient for relief pursuant to Rule 59(e). DeLong, 790 F. Supp. at 618. Based upon the foregoing, plaintiff fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59(e) motion. Accordingly, plaintiff's motion for reconsideration (DE 30) is DENIED.

SO ORDERED, this the 11th day of April, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge